UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby C. Jenkins, | ) | C/A No. 5:16-cv-02588-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (partial summary dismissal) |
| | ) | |
| Brian Stirling; | ) | |
| Wayne McCain; | ) | |
| A. Jolley; | ) | |
| Willie Eagleton, and | ) | |
| Charles West, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

Bobby Jenkins ("Plaintiff") is incarcerated at Evans Correctional Institution ("Evans"), part of the South Carolina Department of Corrections ("SCDC") prison system. In the Complaint filed in this case, Plaintiff alleges his constitutional right to access to courts was violated when he was not allowed to access his legal boxes. More specifically, Plaintiff submits this lack of access resulted in his being unable to meet the time deadlines for filing an appeal in state court. Compl. 6 , ECF No. 1. Plaintiff also asserts his access-to-courts rights were violated because he was not provided free copies of his filings in a state court post-conviction relief ("PCR") action.

*Id*. at 10-11. Plaintiff also alleges that his constitutional rights are being violated because officials are violating the SCDC policy on placement of prisoners in the RHU (Restrictive Housing Unit) at Evans. *Id*. at 12-13. Finally, Plaintiff asserts that his constitutional rights are being violated because the inmate-grievance system at Evans is not operating as it is supposed to operate. *Id*. at 13-14. Plaintiff alleges that he either spoke or wrote to each Defendant— apparently outside of the grievance system—to inform them of the problems he was having with his efforts to obtain his legal boxes. *Id*. at 6, 8, 9.[1] Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages. *Id*. at 19.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is

---

[1] As stated in the Standard-of-Review section, Plaintiff's allegations are liberally construed. It is noted, however, that receipt of or response to a grievance is not sufficient personal involvement in the grieved circumstances to impose § 1983 liability on a supervisory official. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013); *Miles v. Aramark Corr. Serv.*, 236 F. App'x 746, 751 (3d Cir. 2007); *Rogers v. United States*, 696 F. Supp.2d 472, 488 (W.D. Pa. 2010).

evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Initially, Plaintiff fails to state a plausible § 1983 claim based on his allegations regarding the lack of free photocopies of his PCR documents. It is settled that indigent inmates are not entitled to free copies. *Harrison v. Moketa/Motycka*, 485 F. Supp.2d 652, 658 (D.S.C. 2007); *see Lyons v. Clark*, 694 F. Supp. 184, 188 (E.D. Va. 1988) (while prisoners who can show they are indigent have a right to free postage stamps in connection with the right to access the courts, there exists no such right to free photocopies).

Furthermore, Plaintiff fails to state a plausible § 1983 claim based on his allegations that officials at Evans Correctional Institution are not following SCDC policy with respect to placement of inmates in the RHU. Failure to follow policy, standing alone, is not a constitutional violation. *United States v. Caceres*, 440 U.S. 741 (1978) (IRS agent failed to follow IRS rule re: electronic surveillance; no exclusionary rule in criminal action); *see also Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983; no obligation to be

found guilty of crime before going to administrative segregation). Additionally, Plaintiff's allegations about the policy violations are couched in terms of general applicability and do not show that Plaintiff has been personally affected by any RHU-related policy violations. Plaintiff has no standing to bring a § 1983 claim on behalf on other inmates and may only pursue claims for himself. *See David v. McCall*, No. 9:12-3309-RBH-BM, 2013 WL 1316025, at *2 (Feb. 27, 2013) ("[I]t is well settled that an inmate, proceeding pro se, cannot litigate claims of other inmates in this court.") (citing, *inter alia*, *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for other prisoners)), *report and recommendation adopted*, 2013 WL 1310535 (D.S.C. Mar. 29, 2013); *Murray v. Lappin*, No. 5:07CV6, 2008 WL 249167, at * 3 (N.D.W. Va. Jan. 29, 2008) (a prisoner has no standing to bring claims for other prisoners) (citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972) (a litigant "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others")).

Finally, Plaintiff's allegations about the grievance system at Evans fail to state a plausible § 1983 claim because they do not rise to the level of a constitutional violation. An inmate is not constitutionally entitled to a working grievance system. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Brown v. Dodson*, 863 F. Supp. 284 (W.D. Va. 1994).

IV.    Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* insofar as it contains allegations concerning the provision of photocopies, RHU policies, and the grievance system at Evans Correctional Institution. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases

to determine whether they are subject to summary dismissal).

By contemporaneous order, Defendants are being directed to respond to Plaintiff's allegations regarding denial of access to court arising from the failure to provide his legal boxes to him in time to permit him to perfect an appeal.

IT IS SO RECOMMENDED.

September 1, 2016                                      Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached**

**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).