# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby C. Jenkins, | ) |
| | ) No. 5:16-cv-02588-RMG |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Brian Stirling; Wayne McCain; A. Jolley; Willie Eagleton; and Charles West; | ) |
| Defendants. | ) |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 15), recommending partial summary dismissal of Plaintiff's case. The Magistrate Judge recommends Plaintiff's case be dismissed without prejudice with respect to the allegations concerning the provisions of photocopies, Restrictive Housing Unit ("RHU") policies, and the grievance system at Evans Correctional Institution. (*Id.*). Plaintiff has filed objections to the R & R. (Dkt. No. 20). For the reasons stated below, the Court **ADOPTS** in part and **REJECTS** in part the R & R as an order of this Court.

## I. Background

Plaintiff is incarcerated at Evans Correctional Institution ("Evans"), as part of the South Carolina Department of Corrections ("SCDC") prison system. Through his complaint, Plaintiff brings four claims pursuant to 42 U.S.C. § 1983. (*See* Dkt. No. 1).

First, Plaintiff alleges his constitutional right to access the court was violated when he was not allowed to access his legal boxes. (*Id.* at 6). Plaintiff asserts he missed the filing deadline for an appeal in state court because he was not allowed to access his legal boxes. (*Id.*).

Second, Plaintiff contends his access to court rights were also violated when the only way for him to obtain copies of his legal documents in a state court post-conviction relief ("PCR") action was to pay $138.75 plus $18.00 in postage to the South Carolina Judicial Department. (*Id.* at 10). Plaintiff asserts he is indigent and he is not obligated to immediately pay the South Carolina Judicial Department when requesting photocopies of his legal documents. (*Id.* at 11). Third, Plaintiff contends his constitutional rights are being violated because the prison officials and administration are violating the SCDC policy on placement of prisoners in the RHU at Evans. (*Id.* at 11-13). Finally, Plaintiff alleges his constitutional rights are being violated because the inmate-grievance system at Evans is not operating as it is supposed to operate. (*Id.* at 13-14).

On July 19, 2016, Plaintiff filed a *pro se* complaint against Defendants. (*Id.* at 1). Pursuant to 28 U.S.C § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the Magistrate Judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See also* 28 U.S.C. §§ 1915(e), 1915(A) (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). On September 1, 2016, the Magistrate Judge issued an R & R recommending partial summary dismissal of Plaintiff's case. (Dkt. No. 15 at 1). The Magistrate Judge recommends Plaintiff's case be dismissed without prejudice with respect to Plaintiff's claims concerning the provisions of photocopies, Restrictive Housing Unit ("RHU") policies, and the grievance system at Evans Correctional Institution. (*Id.*). Additionally, the Magistrate Judge recommends Defendants be "directed to respond to Plaintiff's allegations regarding denial of access to court arising from the failure to provide his legal boxes to him in time to permit him to perfect an appeal." (*Id.* at 5). Plaintiff filed objections (Dkt. No. 20) to portions of the R & R on September 12, 2016.

2

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendation to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); accord Fed. R. Civ. P. 72(b).

However, as to the portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 71 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

In reviewing this complaint, the Court is mindful of Plaintiff's *pro se* status. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and this court is charged with liberally construing the pleadings of a *pro se* litigant to allow for the development of a potentially meritorious claim. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint by this court, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can

3

ignore a *pro se* plaintiff's clear failure in the pleadings to allege facts that set forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### III. Discussion

Plaintiff objects to the R & R's recommendation that partial summary dismissal be granted on two grounds. The Court will address each in turn.

First, Plaintiff maintains prisoners have a fundamental constitutional right to access the court system. (Dkt No. 20 at 1). Plaintiff asserts his right to access the court was violated when defendants did not give him his legal boxes. (*Id.* at 2). Plaintiff argues, due to the deprivation of his legal boxes by Defendants, Plaintiff cannot file "another successive" PCR or Habeas Corpus. (*Id.* at 2). However, the Plaintiff's objection is unnecessary. The Magistrate's R & R does not recommend dismissal of Plaintiff's claim regarding the Defendants' failure to provide Plaintiff his legal boxes, but instead directs the Defendants to respond to Plaintiff's claim. (Dkt. No. 15 at 5). Accordingly, the Plaintiff's objection is overruled.

Second, Plaintiff contends his complaint was not to be construed to claim his right to access the court was violated when he did not receive *free* copies of his legal documents because he is indigent. (Dkt. No. 20 at 4). Plaintiff explains, "I never said the defendants violated my rights by not giving me free copies because copies aren't free, but they violated my constitutional rights to access to the courts by not giving me access to my legal material to be able to obtain copies." (Dkt. No. 20 at 3). SCDC Policies/Procedures speak directly to Plaintiff's contention. *See* GA-01.03, *Inmate Access to the Courts*, South Carolina Department of Corrections Policies/Procedures. According to SCDC's Procedure 12.4, restitution will be created for indigent inmates to pay for photocopies and their accounts will be debited for reimbursement once funds become available. (*Id.*). Here, Plaintiff has not requested that the Defendants

4

provide him with free photocopies of his PCR documents. (*See* Dkt. No. 1 at 10). Instead, Plaintiff has requested that he be provided with photocopies of his PCR documents, which under the SCDC Policies/Procedures, he may pay for for at a later time. (Dkt. No. 20 at 3). Plaintiff's objection is sustained and Defendants are directed to respond to Plaintiff's assertion that failure to provide copies of his legal documents was a violation of his right to access the court.

## Conclusion

For the reasons stated above the Court **ADOPTS IN PART AND REJECTS IN PART** the R & R. (Dkt. No. 15). This Court **DISMISSES** the claims without prejudice with respect to the allegations concerning the provisions of Restrictive Housing Unit ("RHU") policies and the grievance system at Evans Correctional Institution (Dkt. No. 15). This Court has not made a ruling on whether Plaintiff's constitutional right to access the court was violated. Defendants should directly respond to Plaintiff regarding his claim that Defendants denied him access to the court by failing to provide Plaintiff his legal boxes and copies of his legal documents in time to prefect an appeal.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 20, 2016
Charleston, South Carolina

5