UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby C. Jenkins, | ) | C/A No.: 5:16-cv-02588-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Brian Stirling, Wayne McCain, Charles West, A Jolley, and Willie Eagleton, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the court on Plaintiff's Motion to Produce, ECF No. 62; Plaintiff's Motion to Compel Answers to Interrogatories, ECF No. 63; Plaintiff's Motion to Appoint Counsel, ECF No. 65; and Plaintiff's Motion to Amend/Correct the Scheduling Order, ECF No. 66. Defendants have responded to Plaintiff's Motions. ECF Nos. 72, 73, 76, 77. Plaintiff filed a Reply concerning his Motion to Appoint Counsel and his Motion to Amend/Correct the Scheduling Order. *See* ECF Nos. 79, 80. The court will rule on each motion in turn.

1.  Motion to Compel Production, ECF No. 62

On February 6, 2017, Plaintiff filed a Motion to Compel Production of "the complete property sheet with the seal 079762 with the signature on it because this Inmate Property Inventory sheet has unit manager Ford as the STAFF person who complete (sic) it and correctional counslor (sic) Hudson." ECF No. 62 at 1. Plaintiff alleges that Defendants copied the property sheet so that it would not show the names of certain officers. *Id.* Additionally, Plaintiff alleges an inventory sheet from March 10, 2016 was not included in the documents Defendants provided in discovery. *Id.* at 2. Plaintiff alleges that Defendants have produced

"falsified" documents to him, and he alleges there is no SCDC use of force form. *Id.* Further, Plaintiff represents that the amount of chemical munitions used is not in the Incident Report. *Id.* at 3. Finally, Plaintiff seeks production of the following four documents: (1) complete property control record; (2) the March 2, 2016 property sheet "done by unit manager Ford" with signatures of the inventory officer and witnessing officer; (3) the March 2, 2016 special management unit authorized property sheet from Evans Correctional Institution; (4) any reports concerning the March 1, 2016 incident "made by SCDC employees and/or witness[es]." *Id.*

On February 21, 2017, Defendants filed a Response to Plaintiff's Motion. ECF No. 72. There, Defendants represent they provided Plaintiff with a copy of the March 2, 2016 property sheet which was attached as an Exhibit to their Response. *See* ECF No. 72-1. Additionally, Defendants represent that they have provided Plaintiff with a copy of all property sheets in their possession, and no sheet exists for March 10, 2016. ECF No. 72 ¶ 2. Defendants further indicate that they have produced all requested documents to Plaintiff and have "fully complied with Plaintiff's discovery requests." *Id.* ¶¶ 3-4.

The undersigned has reviewed the RFPs and responses to it. *See* ECF No. 72-2. It appears that Defendant has obtained responses to Plaintiff's requests to the extent the RFPs are related to the incident and to the extent the documentation is in Defendants' possession. Therefore, Plaintiff's Motion to Compel, **ECF No. 62, is denied.**

2.      Motion to Compel Answers to Interrogatories, ECF No. 63

On February 6, 2017, Plaintiff also filed a Motion to Compel Interrogatories, asserting that Defendant Stirling did not fully answer interrogatories served on him. ECF No. 63. Plaintiff wrote out four interrogatories that he claims Defendant Stirling did not answer. *See id.* at 1-2. On

February 21, 2017, Defendants filed a Response to Plaintiff's Motion. ECF No. 73. There, Defendants assert that Defendant Stirling has answered Plaintiff's interrogatories, and Defendants served Plaintiff with a copy of the answers on January 30, 2017. *See id.* The court has reviewed Plaintiff's interrogatories and Defendant's answers and finds that Defendants have provided Plaintiff with answers to the four interrogatories at issue in Plaintiff's Motion. *See* ECF No. 73-1. Therefore, Plaintiff's Motion to Compel, **ECF No. 63, is denied.**

   3.   Motion to Appoint Counsel, ECF No. 65

Plaintiff requests that the court appoint him counsel. ECF No. 65. On March 2, 2017, Defendants responded to Plaintiff request for counsel, opposing it. ECF No. 77. Plaintiff's Motion is denied. There is no right to appointed counsel in a § 1983 case. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court has discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)). Having reviewed Plaintiff's Motion, the court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel. *Whisenant*, 739 F.2d at 160. Accordingly, Plaintiff's Motion to Appoint Counsel, **ECF No. 65, is denied.**

   4.   Motion to Amend Scheduling Order, ECF No. 66

On February 16, 2017, Plaintiff asked the court to modify the scheduling order to extend

3

the discovery deadline because the Defendants "failed to answer interrogatories or produce documents which w[ere] requested by Plaintiff." ECF No. 66.

On March 2, 2017, Defendants responded to Plaintiff's Motion and indicated that they "have responded fully to the Plaintiff's discovery requests as addressed in Plaintiff's Motions to Compel. . . ." ECF No. 76. Therefore, Defendants "oppose Plaintiff's motion on that basis and ask that the court deny the motion." *Id.* In Reply, Plaintiff alleges that Defendants have not fully responded to his discovery requests. ECF No. 80. Further, Plaintiff alleges that there is a key piece of evidence missing from Defendants' responses to his Second set of Requests for Production. *Id.* at 1-2. As indicated above, the undersigned finds that Defendants have produced responses to Plaintiff's Requests for Production—to the extent the documentation is in Defendants' possession. Therefore, Plaintiff's Motion to Amend the Scheduling Order, **ECF No. 66, is denied.**

    IT IS SO ORDERED.

March 16, 2017                                                                                     Kaymani D. West
Florence, South Carolina                                                    United States Magistrate Judge